UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RODERICK WASHINGTON,<br><br>    Petitioner,<br><br>vs.<br><br>BOARD OF PAROLE HEARINGS, et al.,<br><br>    Respondents. | Case No. CV 09-8359-CBM(AJW)<br><br>MEMORANDUM AND ORDER<br>DISMISSING PETITION |

Petitioner filed this petition for a writ of habeas corpus on November 16, 2009. Respondent filed a motion to dismiss the petition, raising several grounds for dismissal, and petitioner filed an opposition to respondent's motion.

### Discussion

**1. Grounds Two through Five are duplicative of claims already pending in this Court**

In Grounds Two through Five, petitioner challenges the imposition of various parole conditions, including his classification as a sex offender, residency limitations, and a GPS monitoring requirement. [Petition at 5-6]. The same allegations are included in a separate

1

habeas petition that is already pending in this Court. [Case No. CV 08-7911-CBM(AJW)].[1] Because there is currently another petition pending involving the same petitioner and same subject, the interests of judicial economy and justice are best advanced by dismissing these duplicative claims without prejudice to their resolution in petitioner's earlier-filed case.[2]

### 2. Ground One is moot

Ground One challenges a July 2009 parole revocation. This claim is moot.

Throughout litigation, the petitioner/plaintiff "must have suffered, or be threatened with, an actual injury traceable to the [respondent/defendant] and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). An incarcerated (or paroled) convict's challenge to the validity of his conviction satisfies the case-or-controversy requirement because the incarceration (or parole conditions) constitutes a concrete injury, caused by the conviction and redressable by the invalidation of the conviction. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Once the convict's sentence expires, however, some concrete and continuing injury other than the now-ended incarceration or parole - some "collateral consequence" of the conviction - must exist if the suit is to be

---

[1] The Court takes judicial notice of the relevant official court files. See Fed. R. Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

[2] Petitioner contends that the allegations in this petition materially differ from the allegations in the petition filed in Case No. CV 08-7911-CBM(AJW). [Opposition at 6-7]. Although the present petition is slightly different from the 2008 petition, and arguably contains a clearer statement of petitioner's claims, the Court has construed the petition in Case No. CV 08-7911-CBM(AJW) as challenging the same parole conditions as petitioner challenges in this case.

maintained and not considered moot. Spencer, 523 U.S. at 7. Courts may presume that a criminal conviction has continuing collateral consequences. See Spencer, 523 U.S. at 8-12 (noting that the Supreme Court has been willing to accept hypothetical collateral consequences for criminal convictions). This presumption, however, does not extend to other contexts. See Spencer, 523 U.S. at 12-13; Lane v. Williams 455 U.S. 624, 632-633 (1982). In particular, where, as here, a petitioner seeks to challenge the revocation of his parole, he or she must demonstrate that continuing collateral consequences exist if the underlying sentence has expired, see Spencer, 523 U.S. at 14-18, or if the additional term imposed for violating parole has been served. See Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir. 1987)(concluding that habeas petitions were moot because the additional term imposed for petitioners' parole violations already had been served); cf. Wilson v. Terhune, 319 F.3d 477, 481 (9th Cir.)(holding that the presumption of collateral consequences does not extend to prison disciplinary proceedings), cert. denied, 539 U.S. 933 (2003). Claims that a parole revocation might be used in the future to render petitioner ineligible for parole, increase his sentence, impeach his testimony, or prove his liability or guilt do not constitute sufficient proof of collateral consequences. See Spencer, 523 U.S. at 14-16.

On September 26, 2009, petitioner was released from the custody resulting from his parole revocation. [Lodged Doc. 6; Petitioner's Opposition at 3]. While petitioner theoretically might be able to allege collateral consequences resulting from the parole revocation sufficient to save his claims from being moot, he has not done so. Accordingly, petitioner's challenge to his 2009 parole revocation is

3

moot.[3]

## Conclusion

For the foregoing reasons, respondent's motion to dismiss the petition is **granted**, and he petition is dismissed without prejudice as duplicative (Grounds Two through Five) and as moot (Ground One).[4]

Dated: 2/23/2010

*Consuelo B. Marshall*
Consuelo B. Marshall
United States District Judge

---

[3] The fact that petitioner can no longer obtain relief for the allegedly invalid parole revocation does not mean that he cannot challenge the legality of the parole conditions which he allegedly violated. As discussed, the constitutionality of those parole conditions remains at issue in Case No. CV 08-7911-CBM(AJW).

[4] Petitioner may or may not be attempting to challenge his classification as a sex offender in this case. Even if he is, he cannot do so in this Court. That classification was imposed as the result of a 2006 indecent exposure conviction in Kings County Superior Court, so any challenge to it should be raised in a habeas petition filed in the United States District Court for the Eastern District of California. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 488 n. 15 (1973); 28 U.S.C. §2241(d); 28 U.S.C. §84(b).